## JOHN SHERWOOD v. STATE.

No. A-6666. Opinion Filed August 3, 1929.
(279 Pac. 916.)

A. V. Dinwiddie, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of selling one pint of spirituous liquor, and was sentenced to pay a fine of $150 and be imprisoned in the county jail

for a period of 30 days. Motion for new trial was filed, considered, and overruled, and defendant has appealed to this court.

J. H. Harden, a witness on behalf of the state, testified he lived at Wichita, Kansas, that on the 30th day of July, 1926, he met the defendant and tried to buy some whisky, and he would not let him have any; on the 31st day of July he saw defendant again and told him he found where he could get some choc,

"And I don't need your whisky and defendant said he had some now and for me to go west to the monument and to go to the first crossroads south and he would get out there in about 30 minutes; I went to the city hall and got R. J. Smith, A. E. Smith, and R. I. Wood, and went out there, and the three men hid in the brush or weeds, and I waited on the bridge. When the defendant came, he flashed a light in the car; he had a gun in one hand and a flashlight in the other; he looked me over and said, 'Are you sure you are all right?' and I said, 'Sure;' and he said, 'If you ain't I will make you all right;' and I said, 'Well, look me over.' He gave me the pint of whisky, and I paid him four silver dollars; the other parties who came out in the car with me was about 10 feet, maybe farther, maybe less, from me."

R. J. Smith and A. E. Smith testified to seeing the defendant deliver the bottle of whisky to the witness, J. H. Harden, and that they heard the sound of silver dollars as they were counted out in the hands of the defendant.

The state witnesses admitted they were hired by the county of Payne, and were receiving $10 per day and their expenses to go around and catch law violators; and admitted they had applied to this defendant prior to the time they bought this pint of whisky from him to buy whisky. They are what you would call professional witnesses.

The defendant denied he sold the whisky to J. H. Harden, and testified two of the witnesses came to his place of business on more than one occasion trying to buy whisky from him; he did not sell them any whisky, and denied he had gone out on the road and delivered the whisky to witness Harden and received any money for it. It was brought out on cross-examination that in 1918 the defendant had been fined for a violation of the prohibitory laws. This is, in substance, all of the testimony.

The defendant has assigned several errors alleged to have been committed by the trial court, but upon examination of the record they are of not sufficient merit to justify a reversal of this case.

The court properly instructed the jury as to the law. This court has repeatedly held that, where there was any competent testimony to sustain the verdict, even though the testimony was conflicting it would not disturb the verdict of the jury. The testimony in this case, if believed by the jury, is sufficient to sustain the judgment. This court realizes that it becomes necessary for an officer of the law to secure evidence men to assist in securing evidence in order to sustain a conviction, but it does not look with favor upon officers, who are charged with the duty of seeing that the law is enforced, going out and appealing to parties trying to induce them to violate the law by misrepresentation and misstatements as to the position they occupy. In this case the testimony shows that the main prosecuting witness had prior to the date of the alleged sale gone to the defendant and tried to buy whisky from him, and that the defendant told him he did not have any whisky for sale, and was not in the business of selling whisky; that he returned the following day, and finally, according to his testimony, the defendant agreed to sell him a pint of

whisky, and the defendant then met him out on the road and delivered him the pint of whisky, for which the witness paid $4. If the testimony of the state is to be believed, an officer of the law suggested a criminal act and lured the accused into the commission of said act.

In view of the fact that the record in this case shows that the only evidence in this case against the defendant, is the evidence of witnesses, who are nonresidents of the state, who admitted they were hired to detect or induce men to violate the law; and in view of the further fact that they appealed to the defendant prior to the date of the alleged sale and tried to buy whisky from him, and he told them he was not in the business, we believe that the ends of justice will be properly met by a modification of the sentence in this case from a fine of $150 and 30 days in jail, to a fine of $50 and 30 days in jail.

Finding no prejudicial errors in the record, the judgment as modified is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.